UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Douglas Shine, Jr.,                                    Case No. 3:17-cv-01140

       Plaintiff

v.                                                              MEMORANDUM OPINION
                                                                      AND ORDER

Gary Mohr, et al.,

       Defendants


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Gary Mohr, Toledo Correctional Institution ("ToCI") Warden John Coleman, and ToCI Corrections Officer Ashley Bentham. In the Complaint, Plaintiff alleges Bentham closed his hand in a cell door causing him injury. He seeks monetary damages.

Plaintiff alleges Bentham assaulted him in the day room. He contends he cooked his food in the microwave with permission from a male corrections officer. When he attempted to put his cup in the doorway of his cell, Bentham slammed the door on his hand and broke his knuckles. He indicates he asked for medical attention but Bentham denied his request. He was eventually taken to an outside hospital and treated for nerve damage and a broken hand. He seeks monetary damages for assault, intentional infliction of emotional distress and retaliation for reporting the incident.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Plaintiff lists three Defendants but identifies only Bentham in the Complaint. There are no allegations against any of the other Defendants. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in

2

the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Because the Complaint does not contain any allegations connecting Mohr or Coleman to Plaintiff's claims for relief, they are dismissed from this action.

In addition, Plaintiff requests damages for retaliation after reporting the incident. He does not allege any facts to support this assertion. The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). His retaliation claim fails to meet this basic pleading standard and is dismissed.

Plaintiff's allegations of assault could be construed either as an attempt to assert an Eighth Amendment claim against Bentham, or an attempt to assert a state tort law claim for assault. Because *pro se* pleadings are liberally construed, I will consider both claims as asserted in this Complaint. These claims, as well as Plaintiff's tort claim for intentional infliction of emotional distress are sufficiently pled to meet the basic pleading requirements of Federal Civil Procedure Rule 8 and state a plausible claim for relief. This action shall proceed solely on those claims against Bentham.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted against Mohr and Coleman, and fail to state a claim for retaliation. Those claims and those Defendants are dismissed from this action pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case shall proceed solely on Plaintiff's Eighth Amendment claim, and his state law tort claims of assault and intentional infliction

3

of emotional distress against Bentham.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Bentham**.**

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge