UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas Shine, Jr.,             Case No. 3:17-cv-1140

       Plaintiff

     v.             MEMORANDUM OPINION

Gary Mohr, et al.,

       Defendants

## I. BACKGROUND

The *pro se* Plaintiff initiated this action under 42 U.S.C. § 1983 based upon the following:

> Plaintiff alleges Bentham assaulted him in the day room. He contends he cooked his food in the microwave with permission from the male corrections officer. When he attempted to put his cup in the doorway of his cell, Bentham allegedly slammed the door on his hand and broke his knuckles. He asked for medical attention and Bentham denied his request. The Plaintiff was eventually taken to an outside hospital and treated for nerve damage and a broken hand. In his complaint he seeks monetary damages for assault, intentional infliction of emotional distress and retaliation for reporting the incident.

(Doc. No. 4 at p. 1). The complaint named several defendants including ToCI Corrections Officer Ashley Bentham.

On December 27, 2017, I *sua sponte* dismissed the retaliation claims and the other claims against all defendants except for Bentham. Only the claims raising a violation under the Eighth Amendment, and state tort claims for assault and intentional infliction of emotional distress remain against Defendant Bentham. (Doc. No. 4).

This matter is now before me on Defendant Bentham's unopposed motion to dismiss. (Doc. No. 9). For the reasons stated below, the Defendant's motion is well taken.

## II. DEFENDANT'S MOTION TO DISMISS

The Sixth Circuit recently affirmed the standard of review in a motion to dismiss under Fed. R. Civ. P. 12(b)(1):

> "Challenges to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) 'come in two varieties: a facial attack or a factual attack.'" *Carrier v. Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). "A facial attack on the subject-matter jurisdiction" . . . . "questions the sufficiency of the pleading." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "When reviewing a facial attack, a district court takes the allegations in the complaint as true," just as in a Rule 12(b)(6) motion. *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325). . . .
>
> A factual attack, on the other hand, raises a factual controversy requiring the district court to "weigh the conflicting evidence to arrival at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325).

*Wayside Church v. Van Buren County*, 847 F.3d 812, 816-17 (6th Cir. 2017).

In reviewing a factual challenge, a court may examine evidence, including evidence outside of the pleadings, of its power to hear a case. *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014). It is axiomatic that the "[p]laintiff bears the burden of establishing that subject matter jurisdiction exists." *Id.* (Citation omitted).

The Defendant requests dismissal of the state law claims of assault and intentional infliction of emotional distress. As to Eighth Amendment claim, the Defendant requests immunity to the extent that claim is asserted against her in her official capacity.

With regard to official capacity claims, a state and its officials are not considered persons when sued in their official capacity for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). The Eleventh Amendment bars suit against the state or its agencies unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As Ohio has not given express consent to be sued in federal court, *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999), the state or its instrumentalities are immune from suit for money damages. *Wingo*

*v. Tenn. Dept. of Corr.*, 499 Fed. Appx. 453, 454 (6th Cir. 2012). To the extent Defendant Bentham is named in her official capacity, she is entitled to Eleventh Amendment immunity.

Regarding the state law claims asserted against Bentham in her individual capacity, any discussion of immunity must be addressed by the Ohio Court of Claims:

> "[W]hen faced with a claim of immunity to a pendent state claim, federal courts look to the appropriate state law to ascertain the nature of the immunity given. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Under O.R.C. § 2743.03, Ohio's Court of Claims has exclusive original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in O.R.C. § 2743.02. *GLA Water Mgmt v. Univ. of Toledo*, 196 Ohio App.3d 290, 963 N.E.2d 207, 211-12 (2011). Thus, under Ohio law, state employees may not be sued unless and until the Court of Claims has determined they are not entitled to immunity. *Haynes*, 887 F.2d at 704.

*Kingsley v. Brundige*, 513 Fed. Appx. 492, 496 (6th Cir. 2013). Bentham contends there is no case pending in the Ohio Court of Claims by the Plaintiff on this issue. There is no opposition to this statement by the Plaintiff. Accordingly, the Defendant is entitled to dismissal of the state law claims of assault and intentional infliction of emotional distress to the extent they are asserted against her in her individual capacity.

### III. CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss (Doc. No. 9) is granted. The state law claims of assault and intentional infliction of emotional distress are dismissed. The Eighth Amendment claim against the Defendant is barred by immunity under the Eleventh Amendment to the extent it is asserted against her in her official capacity. The sole claim remaining is that under the Eighth Amendment for excessive force as asserted against the Defendant in her individual capacity.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
