UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas Shine, Jr., *pro se*,                                  Case No. 3:17-cv-1140

        Plaintiff,

v.                                                                                    MEMORANDUM OPINION
                                                                                        AND ORDER

Gary Mohr, *et al.*,

        Defendants.

## I.    INTRODUCTION

Defendant Ashley Bentham seeks summary judgment on the remaining claim set forth in Plaintiff Douglas Shine's complaint, arguing there is no evidence Shine's hand was closed in a door pushed by Bentham and no evidence he suffered broken bones or nerve damage in his hand. (Doc. No. 16). Shine has not filed a brief in opposition of the motion. For the reasons stated below, Defendant's motion for summary judgment is granted.

## II.    BACKGROUND

Shine was incarcerated at the Toledo Correctional Institution in Toledo, Ohio, when, he alleges, Bentham assaulted him.

> He contends he cooked his food in the microwave with permission from the male corrections officer. When he attempted to put his cup in the doorway of his cell, Bentham allegedly slammed the door on his hand and broke his knuckles. He asked for medical attention and Bentham denied his request. The Plaintiff was eventually taken to an outside hospital and treated for nerve damage and a broken hand. In his

complaint he seeks monetary damages for assault, intentional infliction of emotional distress and retaliation for reporting the incident.

(Doc. No. 4 at 1(summarizing Plaintiff's complaint (Doc. No. 1 at 4, 6))).

### III.   STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

### IV.   ANALYSIS

Bentham argues she is entitled to summary judgment on Shine's Eighth Amendment claim because the video of the alleged incident and the medical records show Bentham did not act in a manner designed to inflict injury and that Shine at most suffered a de minimis injury.

Because he failed to respond to Bentham's arguments despite having been served with copies of the motion in a manner consistent with the Federal Rules of Civil Procedure, I deem Shine to have waived opposition to the motion. *See, e.g., Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 566 (6th Cir. 2017) (citing *Humphrey v. United States Att'y Gen.'s Office*, 279 F. App'x 328 (6th Cir. 2008)); *Scott v. Tennessee*, 878 F.2d 382, *2 (6th Cir. 1989) (unpublished table decision).

The Eighth Amendment prohibits the use of excessive force against inmates held in a correctional facility. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). An inmate who brings an excessive use of force claim must show the officer "acted with a sufficiently culpable state of mind, and the

2

alleged wrongdoing must be objectively harmful enough to establish a constitutional violation, [and] that the defendant acted 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Richmond v. Settles*, 450 F. App'x 448, 453 (6th Cir. 2011) (quoting *Hudson*, 503 U.S. at 6).

Bentham is entitled to summary judgment because the record does not contain evidence from which a reasonable jury could return a verdict in Shine's favor. *Anderson*, 477 U.S. at 248. It is unclear from the video whether either of Shine's hands in fact were within the door frame when Bentham closed the door. (Doc. No. 16-1 at 17:30:03 – 17:30:05). Even if Shine's hand was contacted by the door, the video does not support the necessary conclusion that Bentham closed the door "maliciously and sadistically for the very purpose of causing harm." *Hudson*, 503 U.S. at 6.

Further, Shine's medical records do not support his allegations that he suffered broken bones or nerve damage, (Doc. No. 16-3 and Doc. No. 16-4), or injuries that rise above the de-minimis threshold. *Richmond*, 450 F. App'x at 454 (Inmates must allege more than de minimis injury – such as injuries that require medical treatment after the initial evaluation – in order to state a claim for excessive force in violation of the Eighth Amendment.). The doctors who examined Shine suggested he use ice to treat swelling in his hand and ibuprofen as needed. (Doc. No. 16-3 at 6, 9).

## V.  CONCLUSION

For the reasons stated above, Bentham's motion for summary judgment, (Doc. No. 16), is granted.

So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge